UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA CACHO,

        Plaintiff,

v.                                          Case No:   6:23-cv-1316-PGB-LHP

MODERN CONCEPTS
CONSTRUCTION LLC,

        Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **SECOND MOTION FOR CLERKS DEFAULT (Doc. No. 9)**
>
> **FILED:**  **October 2, 2023**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff again moves for Clerk's default against Defendant Modern Concepts Constructions, LLC.  Doc. No. 13.  On review, however, the motion and affidavit in support (Doc. No. 14) are identical to the motion and affidavit (Doc. Nos. 9, 10)

Plaintiff filed in his first request for Clerk's default. The motion is therefore denied for the same reasons the Court denied Plaintiff's first request for Clerk's default.[1] *See* Doc. No. 11.

Specifically, Plaintiff's second motion for Clerk's default still fails to comply with Local Rule 3.01(a) and still fails to adequately address, with citation to legal authority, that service of process on Defendant was proper. "In order to obtain entry of a clerk's default, a plaintiff must first effect service of the summons and the complaint properly on the defendant." *Barker v. Sai Deva Corp.*, Case No. 3:08–cv–683–J–12MCR, 2008 WL 4791049, at *1 (M.D. Fla. Oct.29, 2008). *See also Houraney v. Schley*, Case No. 08–80837–Civ., 2009 WL 507032, at *1 (S.D. Fla. Feb.27, 2009) ("Unless and until the Defendants are properly served . . . none of the named Defendants is a party to th[e] action.").

Specifically, Plaintiff still fails to demonstrate service on "Kandy B" was sufficient under governing law. *See* Fed. R. Civ. P. 4(h) (specifying how a corporation may be served in federal court); Fla. Stat. § 48.062 (detailing who under Florida law may accept service on an LLC's behalf); Doc. No. 12 (return of service affidavit stating process was served on "Kandy B"); *see generally United States v.*

---

[1] Plaintiff's motion is also due to be denied because Plaintiff filed his identical motion nine days after the refiling deadline set by the Court. *See* Doc. No. 11, at 2 (setting the deadline by which Plaintiff was to refile his motion as October 17, 2023).

*Donald*, Case No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009) (before a Clerk's default can be entered against a defendant, the Court must determine that the defendant was properly served).

The Court reminds Plaintiff that his *pro se* status does not absolve him from his duty to litigate his case, to respond to discovery as appropriate, and to comply with all applicable Court Orders, Local Rules, and Federal Rules of Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

Any renewed motion must include a memorandum of legal authority establishing that service of process was proper under applicable law.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2023.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 3 -